## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JAMES LEE LISTER,                )
                                 )
                  Plaintiff,     )
                                 )
v.                               )         Case No. 20-1312-KHV-GEB
                                 )
CITY OF WICHITA,                 )
                                 )
                  Defendants.    )
_____)

## ORDER

This matter is before the Court on Plaintiff James Lee Lister's recent Motion to Amend the Complaint (ECF No. 16) and subsequent filings. On December 15, 2021, the Court held an in-person hearing to discuss the status of the matter with the parties. Plaintiff James Lee Lister appeared on his own behalf. Defendant City of Wichita appeared through counsel, Erik Houghton. After thorough review of the docket and following discussions with the parties, Plaintiff is permitted to file a Second Amended Complaint by December 31, 2021.

## I.    Background

Plaintiff filed this case pro se, generally claiming he was previously employed by the City of Wichita in 2015 when he was terminated during his probationary period. He has been seeking rehiring by the City since then. His pro se Complaint makes claims of racial discrimination, retaliation, and disability discrimination. (*See* ECF Nos. 1, 16, 18.) Plaintiff claims "[t]he acts of the city of Wichita are retaliation for my complaints to the

E.E.O.C as well as my workers compensation [filings.] Blacklisting someone over a parking ticket is clear retaliation. Since the age of thirteen I have [had] disabilities covered under the ADA." (ECF No. 18.)

Plaintiff was permitted to proceed in this matter without prepayment of the filing fee (Order, ECF No. 5), and following service, Defendant filed its first motion to dismiss. (ECF No. 9.) Plaintiff failed to timely respond to the motion and on September 29, 2021, the case was dismissed. (Order, ECF No. 12.) However, Plaintiff's request to set aside the judgment was granted and Plaintiff was required to respond to the pending motion to dismiss. (Order, ECF No. 15.)

Rather than responding, Plaintiff filed a motion to amend the complaint, or in the alternative, for an extension of time to file a response to the motion to dismiss. (Motion, ECF No. 16.) However, his motion to amend did not comply with D. Kan. Rule 15.1 because he failed to provide his proposed pleading for review. District Judge Kathryn H. Vratil issued an order requiring Plaintiff to file a motion for leave to amend his complaint that complied with D. Kan. Rule 15.1(a).  (Order, ECF No. 17.)

Instead of filing a such a motion, Plaintiff filed his proposed Amended Complaint (ECF No. 18) and Exhibits in Support (ECF No. 19).  Defendant promptly responded with a new Motion to Dismiss (ECF No. 20), seeking dismissal of the Amended Complaint as filed. To efficiently address the posture of the case, the undersigned Magistrate Judge set the matter for conference.

## II.     Discussion

Although D. Kan. Rule 15.1 is clear regarding the method by which a party must seek amendment of the pleadings, and Plaintiff arguably failed to comply by first failing to attach his proposed pleading to his motion (ECF No. 16) and then filing his Amended Complaint without first seeking leave to do so (ECF No. 18), the Court does provide him leeway as a pro se filer. Taken together, the two documents together satisfy the requirements of Rule 15.1.

Additionally, in its discretion, the Court finds the balance of factors weigh in favor of providing Plaintiff one—potentially final—opportunity for amendment as analyzed under Fed. R. Civ. P. 15(a)(2), and justice requires amendment.[1] He filed his Amended Complaint (ECF No. 18) on the deadline established in the Court's Order (ECF No 17); therefore, the Court finds his request is timely. Although granting his request for amendment may cause Defendant some prejudice in potentially refiling its motion, such prejudice is not undue, but is more practical, given the likelihood Defendant will recycle its prior motion(s). There are no allegations of bad faith, and the Court finds none. And although Defendant possesses valid arguments regarding the futility of amendment, given

---

[1] The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013). Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court. *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

the existing and anticipated dispositive motions, those arguments are before the District Judge.

Again, providing Plaintiff considerable latitude as a pro se filer, he is permitted to file a **Second Amended Complaint** to address the concerns raised in Defendant's motions to dismiss. During the December 15, 2021 hearing, the Court noted Fed. R. Civ. P. 8's requirement that Plaintiff provide a short and plain statement of his claims and drew his attention to the ways in which the current Complaint and Amended Complaint fail to meet that standard. As Defendant notes in its Memorandum in Support of its Motion to dismiss (ECF No. 10), Plaintiff's operative pleadings may fail to assert any facts or details supporting his claims of discrimination and retaliation. He provides no facts to support any claims of racial discrimination, and he provides no facts to support his claim of disability discrimination. Plaintiff was encouraged to thoroughly review Defendant's dispositive motion briefing when formulating his Second Amended Complaint, and the Court provided Plaintiff with the Civil Complaint and Employment Discrimination Complaint forms maintained by the clerk's office.

**IT IS THEREFORE ORDERED** that Plaintiff is permitted the opportunity to file a **<u>Second Amended Complaint</u>** no later than **<u>December 31, 2021</u>.**

**IT IS FURTHER ORDERED** that Defendant's response to the Second Amended Complaint is due 21 days following the filing of the Second Amended Complaint.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 16th day of December 2021.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge