**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JAMES LEE LISTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION** |
| **v.** | ) |
| | ) **No. 20-1312-KHV** |
| **CITY OF WICHITA, KANSAS,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

On November 12, 2020, James Lee Lister filed suit against his former employer, the City

of Wichita, Kansas, alleging that it retaliated against him in violation of Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.  On January 23, 2023, the Court

sustained defendant's motion for summary judgment.  This matter comes before the Court on

plaintiff's Motion For New Trial (Doc. #72) filed March 3, 2023.[1]  For reasons stated below, the

Court overrules plaintiff's motion.

**Legal Standards**

Rules 59(e) and 60, Fed. R. Civ. P., govern motions to reconsider dispositive orders or

judgments.  See D. Kan. Rule 7.3(a).  Pursuant to Rule 59(e), a party can seek to alter or amend a

judgment within 28 days of its entry.  Because plaintiff's Rule 59(e) motion is untimely, the Court

treats the motion as a Rule 60(b) motion for relief from judgment or order.  See Fed. R. Civ. P.

59(e) (moving party has 28 days to file motion); Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motion "must

be made within a reasonable time" and if motion brought under subsections (b)(1), (2) or (3), no

---

[1]     Although titled Motion For New Trial, plaintiff seeks relief under Rule 59(e) or
60(b), Fed. R. Civ. P., from the Court's order granting defendant's motion for summary judgment.

more than year after entry of judgment or order); see Memorandum And Order (Doc. #68) filed January 23, 2023; Motion For New Trial (Doc. #72) filed March 3, 2023.

Under Rule 60(b), the Court has discretion to grant or deny a motion to vacate judgment. See F. Deposit Ins. Corp. v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998). Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. See Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999). Under Rule 60(b), the Court may relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## Factual Background

The factual background underlying the parties' dispute is set forth in detail in the Court's order on defendant's motion for summary judgment and is not repeated at length herein. In sum, from August 4, 2014 to September 22, 2014, plaintiff worked as a laborer for the City of Wichita Department of Public Works and Utilities. On September 22, 2014, the City fired plaintiff because

  
he had not maintained a valid driver's license, as required.  In the termination letter, the City informed plaintiff that he was "not eligible to apply for other positions within the City."  Plaintiff's Exhibit AA (Doc. #62-2) at 2.

After ruling on defendant's motion to dismiss, the Court retained one of plaintiff's claims: that in failing to rehire him eight times between October 16, 2019 and August 11, 2020, defendant retaliated against plaintiff in violation of Title VII.  Specifically, plaintiff alleged that because of his EEOC complaint on October 18, 2015, defendant refused to rehire him.

On October 14, 2022, plaintiff served defendant with 29 requests for admission and 35 interrogatories.  Defendant believed that plaintiff served these discovery requests out of time. After a conference on November 9, 2022, the Court determined that plaintiff had timely served the discovery requests and ordered defendant to respond.  On November 22, 2022, defendant responded to the requests.

On January 23, 2023, the Court sustained defendant's motion for summary judgment.  See Memorandum And Order (Doc. #68).  The Court reasoned that plaintiff had not established a genuine issue of material fact whether defendant's refusals to rehire him for the eight positions in 2020 were causally related to his protected activity in October of 2015.  Even assuming plaintiff had established a prima facie case of retaliation, the Court held that he had not shown a genuine issue of material fact whether defendant's proffered reason for its decision not to hire him was pretextual.

On March 3, 2023, plaintiff filed this motion.  Plaintiff asks the Court to vacate its order granting defendant's motion for summary judgment on the grounds that (1) the order contained factual errors and (2) defendant committed discovery abuse.  Defendant argues that plaintiff has not articulated any reason to justify relief under Rule 60(b).

## Analysis

Plaintiff has not asserted grounds for relief based on Rule 60(b)(2), (4) or (5).  Accordingly, the Court addresses plaintiff's arguments under Rule 60(b)(1), (3) and (6).

**I.      Rule 60(b)(1)**

Plaintiff asserts that the Court erred by concluding that his termination letter stated that he was ineligible for rehire.  The "mistake" provision in Rule 60(b)(1) provides for reconsideration of judgments where the judge has made a substantive mistake of law or fact in the final judgment or order.  See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  The record, however, does not support plaintiff's contention.  In plaintiff's own exhibit, his termination letter dated September 22, 2014 stated: "You are not eligible to apply for other positions within the City."  Plaintiff's Exhibit AA (Doc. #62-2) at 2.

For the first time, plaintiff asserts that he did not receive this termination letter.  Rule 60(b) motions are not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at time of the original argument.  See Lebahn v. Owens, 813 F.3d 1300, 1306 (10th Cir. 2016).  At the time he filed his response to defendant's motion for summary judgment, this argument was available.  Moreover, plaintiff's awareness of his ineligibility for rehire is not material and would not disturb the Court's previous finding that plaintiff failed to establish a prime facie case of retaliation.  The Court therefore overrules plaintiff's motion on this ground.

**II.      Rule 60(b)(3)**

Plaintiff alleges misconduct by defendant.  Specifically, plaintiff argues that defendant committed discovery abuse by serving responses to two sets of interrogatories eight days after the

deadline set by Fed. R. Civ. P. 33.[2]  A party relying on Rule 60(b)(3) "must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct" by the adverse party.  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1290 (10th Cir. 2005) (quoting Cummings v. Gen. Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004)).  To do so, the moving party must show "'an intent to deceive or defraud the court,' by means of a 'deliberately planned and carefully executed scheme.'"  Yapp v. Excel Corp., 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259, 1267 (10th Cir. 1995)).  The alleged misconduct must also have substantially interfered with the moving party's ability to present his case.  See Zurich, 426 F.3d at 1290 (internal quotation omitted) ("[T]he challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial.").  Rule 60(b)(3) "is aimed at judgments which were unfairly obtained."  Id. (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)).

Plaintiff has not established that defendant's alleged misconduct substantially interfered with his ability to present his case.  Even if defendant intentionally and maliciously violated Rule 33, defendant ultimately responded to plaintiff's discovery requests just eight days after the deadline.  Defendant filed its motion for summary judgment on December 9, 2022, and plaintiff filed his response on December 28, 2022—two days before the deadline.  Plaintiff had over a month to review defendant's interrogatory answers, did not file a motion for extension of time to file his response and filed his response early.  Plaintiff has not established that the delay in receiving the interrogatory answers prejudiced his ability to respond to defendant's motion for

---

[2]    Plaintiff also alleges that he was delayed in receiving the discovery responses because defendant emailed them to him.  Plaintiff's claim lacks merit because he consented to service of disclosure and discovery requests and responses.  See Scheduling Order (Doc. #30) filed March 30, 2022 at 7.

summary judgment.  The Court therefore finds that plaintiff is not entitled to relief under Rule 60(b)(3).

**III.     Rule 60(b)(6)**

The Court may grant relief under Rule 60(b)(6) only in extraordinary circumstances and only when it offends justice to deny relief.  <u>Zurich</u>, 426 F.3d at 1293.  The Supreme Court has noted that Rule 60(b)(6) is "mutually exclusive" with the other subsections of Rule 60(b).  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 393 (1993).  Accordingly, Rule 60(b)(6) relief is not available if another provision of Rule 60(b) covers plaintiff's asserted grounds for relief.  <u>See</u> <u>Wallace v. McManus</u>, 776 F.2d 915, 916 (10th Cir. 1985).

Plaintiff has not asserted any reason for relief outside those which fall within Rule 60(b)(1) and (3).  Rule 60(b)(6) therefore does not apply.  Nevertheless, plaintiff has not identified extraordinary or exceptional circumstances that would entitle him to relief under Rule 60(b)(6). The Court overrules plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion For New Trial</u> (Doc. #72) filed March 3, 2023 is **OVERRULED.**

Dated this 18th day of April, 2023 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge
